# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELVIN WILLIAM THOMAS, JR.<br>#307-465 | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v | * | Civil Action No. JFM-15-2626 |
| | * | |
| WARDEN FRANK R. BISHOP and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF MARYLAND | * | |
| | * | |
| Respondents | * | |

## MEMORANDUM

On September 3, 2015, Melvin William Thomas, Jr. filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief regarding his conviction in 2002 in the Circuit Court for Baltimore City for attempted first-degree murder, first-degree assault, reckless endangerment, use of a handgun in the commission of a felon or crime of violence, and related offenses. The Attorney General of the State of Maryland, by his counsel, has filed a response seeking dismissal of the petition as an unauthorized successive petition. (ECF 4). Thomas has filed a reply to the response. (ECF 5).

A hearing is not necessary to resolve the issues presented. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (noting a petitioner is not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons set out herein, the court concludes the pending application for habeas corpus relief must be dismissed without prejudice.

## DISCUSSION

A jury sitting in the Circuit Court for Baltimore City convicted Thomas of attempted first-degree murder, first-degree assault, reckless endangerment, use of a handgun in the commission of a felony or crime of violence and related offenses, and he was sentenced on April 8, 2002 to a total of sixty-five years of incarceration. On October 31, 2008, Thomas filed his first federal habeas corpus under 28 U.S.C. § 2254, challenging these convictions. *See Thomas v. Koppel, et al.*, Civil Action No. JFM-07-1814 (D. Md.). On October 31, 2008, the court denied the petition on the merits. *Id.*

Thomas disputes the State's characterization of the instant habeas petition as second or successive. Thomas asserts this petition is based on new and separate judgment entered after a hearing was held in 2011 on his belated motion for a new hearing in the Circuit Court for Baltimore City. (ECF 5). The Circuit Court denied his motion for a belated hearing, and that decision was affirmed by the Court of Special Appeals on December 29, 2014. (ECF 5).[1] The Court of Appeals of Maryland denied his petition for writ of certiorari on April 20, 2015. *Id.*

"It is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006) *see also Panetti v. Quarterman*, 551 U.S. 930, 942–47 (2007) (holding that a numerically second § 2254 habeas petition is not governed by the strictures of § 2244(b)(2) on second or successive petitions where the claim was not ripe at the time of the initial petition). The United States Court of Appeals for the Fourth Court has allowed a numerically second § 2255 motion, where a claim arose at a resentencing hearing. *See United States v. Hairston*, 754 F. 3d 258 (4th Cir. 2014),

---

[1] *See also* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=101141008&loc=69&DetailLoc=DSK8.

2

quoting *In re Taylor*, 171 F.3d 185, 187 (4th Cir. 1999) ("a claim which did not arise until after a prior petition was filed" should not be "barred as 'second or successive.'")

Thomas does not allege he is setting forth new claims previously unavailable to him. Instead, the instant petition is an attempt to bring a second challenge to Thomas' 2002 conviction, based on an unsuccessful motion for a belated hearing. (ECF 1, p. 1). In other words, Thomas' efforts to obtain a new trial did not result in the entry of a new judgment, and he may not evade statutory restrictions on habeas filings based on an unsuccessful post-conviction motion for a new trial.

The pending application is a second or successive filing. Before this court may consider a second or successive petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing consideration of the application. *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255;[2] *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000); *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Thomas provides no evidence that prefiling authorization was obtained.[3] Therefore, this petition must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district

---

[2] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3] The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain prefiling authorization. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this court will provide petitioner a packet of instructions from the Fourth Circuit which addresses the comprehensive procedure to be followed should he wish to seek authorization to file a successive petition. It is to be emphasized that petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Denial of a certificate of appealability in the district court does not preclude a petitioner from requesting a certificate of appealability from the appellate court.

## CONCLUSION

For these reasons, the court will dismiss the petition for habeas corpus relief without prejudice for lack of jurisdiction and deny a certificate of appealability. A separate order reflecting this memorandum follows.

11/9/15
Date

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 NOV -9 PM 3:44

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

4